J-S16032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL D. WRIGHT, | |
| Appellant | No. 1169 WDA 2016 |

Appeal from the Judgment of Sentence July 15, 2016
in the Court of Common Pleas of Crawford County
Criminal Division at No.: CP-20-CR-0000448-2015

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.: **FILED MARCH 29, 2017**

Appellant, Michael D. Wright, appeals from the judgment of sentence imposed following his jury conviction of forgery, theft by deception, identity theft, and bad checks.[1] We affirm the judgment of sentence and dismiss Appellant's ineffective assistance of counsel claims without prejudice.

The relevant background of this case is as follows. On May 17, 2016, a jury convicted Appellant of the above-listed offenses. The conviction stems from Appellant's writing of a $250.00 check, drawn on the closed account of a deceased individual, to purchase items from the victim at her yard sale in February 2015. On July 15, 2016, the trial court sentenced

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4101(a)(1), 3922(a)(1), 4120(a), and 4105(a)(1), respectively.

Appellant to a term of six months of probation, restitution in the amount of $250.00, a fine of $150.00, and costs. On July 27, 2016, Appellant's trial counsel filed a motion to withdraw from representation, which the trial court granted, and it appointed current counsel. Appellant filed a timely notice of appeal on August 3, 2016, and a timely concise statement of errors complained of on appeal on September 15, 2016. *See* Pa.R.A.P. 1925(b). On September 20, 2016, the court entered a Rule 1925(a) opinion, in which it advised that all of Appellant's issues challenged the effectiveness of trial counsel, that these issues were not litigated before it, and that the claims are not properly before this Court on direct appeal. *See* Pa.R.A.P. 1925(a); (*see also* Trial Court Opinion, 9/20/16, at 1).

Appellant raises the following questions for our review:

[1.] Was trial counsel ineffective when he failed to present a coherent trial strategy, failed to introduce the best evidence, failed to impeach Commonwealth witnesses, and when he failed to gather the evidence and witnesses necessary to present a coherent trial strategy?

[2.] Had counsel done the above would the outcome have been different?

[3.] Did the actions of counsel so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

(Appellant's Brief, at 5).

As observed by the trial court, all of Appellant's issues allege ineffective assistance of trial counsel. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed the general rule of

*Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that ineffective assistance of counsel claims must await collateral review. *See Holmes*, *supra* at 563. The *Holmes* Court also recognized two limited exceptions to the deferral rule, both falling within the discretion of the trial court. *See id.* First, trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious. *See id.* Second, trial courts also have discretion to entertain multiple or prolix claims of ineffectiveness if there is good cause shown and the unitary review permitted is preceded by a knowing and express waiver by the defendant of the right to seek review under the Post Conviction Relief Act (PCRA).[2] *See id.* at 564.

Here, the facts of this case do not fall within the limited exceptions to the general deferral rule carved out by the *Holmes* Court. Therefore, Appellant cannot seek review of his ineffectiveness claims on direct appeal. Accordingly, we dismiss Appellant's ineffective assistance of counsel claims without prejudice to raising them in a timely-filed PCRA petition. *See id.* at 563–64; *see also Commonwealth v. Stollar*, 84 A.3d 635, 652 (Pa. 2014), *cert. denied*, 134 S.Ct. 1798 (2014) (dismissing appellant's

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

ineffective assistance of counsel claims raised on direct appeal without prejudice to pursuing them on collateral review).[3]

Judgment of sentence affirmed. Ineffective assistance of counsel claims dismissed without prejudice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017

---

[3] We note for the benefit of counsel that Appellant's brief fails to conform to our rules of appellate procedure. (*See* Appellant's Brief, at 5-9). For example, the argument section does not correspond to the issues set forth in the statement of the questions involved. *See* Pa.R.A.P. 2116(a), 2119(a). The body of the brief consists of a listing of counsel's alleged errors, and lacks cogent legal analysis of his issues supported by discussion of relevant authority. *See* Pa.R.A.P. 2119(a)-(c). Therefore, we could dismiss Appellant's claims for this reason as well. *See* Pa.R.A.P. 2101. However, we decline to do so in the interest of judicial economy.